IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DENNIES ANDREW BALL**,

**Appellant,**

**v.**                                         **No. 13-1023-DRH**

**FRANKLIN WILLIAMSON
PROPERTIES, INC. and CREDIT UNION
WEST,**

**Appellees.**

## ORDER

**HERNDON, Chief Judge:**

United States District Courts enjoy subject matter jurisdiction to hear appeals from the final judgments, orders and decrees of United States Bankruptcy Judges under 28 U.S.C. § 158(a). On October 2, 2013, Dennis Andrew Ball filed two notices in the District Court, appealing Orders issued by the Honorable Laura K. Grandy, Chief Judge, 13-1023-DRH, and by the Honorable Kenneth J. Meyers, 13-1024-MJR.1

The United States Bankruptcy Rules Place specific procedural requirements on individuals appealing the decision of the bankruptcy court. Under Federal Rule of Bankruptcy Procedure 8009, an appellant must filed a brief within **15 days** after the entry of the appeal on the docket. If an appellant fails to meet these procedural requirements, the court may dismiss the appeal under Bankruptcy

---

1 On October 30, 2013, the Court consolidated these two cases (Doc. 5).

Rule 8009(a)(1). The rule provides in part:

> An appellants failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal.

Federal Rule of Bankruptcy Procedure 8001(a). A district court has the discretion to choose dismissal of an appeal when an appellant commits a nonjurisdictional procedural error, such as failure to file a timely brief or statement of issues. *In re Scheri*, 51 F.3d 71, 74 (7th Cir. 1995). This dismissal may be based on a pattern of dilatoriness or failure to comply with deadlines. *Telesphere Communications, Inc. v. 900 Unlimited Inc.*, 177 F.3d 612, 616 (7th Cir. 1999).

As of this date, appellant Ball has failed to file a brief as to either appeal. The Court finds that dismissal is not warranted at this stage of the proceedings. However, the Court **WARNS** Ball that he must comply with the rules and all court orders or his appeals may be dismissed. Thus, the Court **ALLOWS** appellant Ball up to and including December 2, 2013 to file his briefs and **ALLOWS** appellees up to and including December 17, 2013 to file their briefs. The briefs should comply with Bankruptcy Rule 8010(a) as to their form and content.

**IT IS SO ORDERED.**

Signed this 17th day of November, 2013.

David R. Herndon
2013.11.17
07:28:23 -06'00'

**Chief Judge**
**United States District Court**