IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DENNIES ANDREW BALL**,

**Appellant,**

**v.**                                              **No. 13-1023-DRH**

**FRANKLIN WILLIAMSON
PROPERTIES, INC. and CREDIT UNION
WEST,**

**Appellees.**

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

Pending before the Court is Ball's motion for stay pending appeal and oral argument (Docs. 14, 16 & 17). Ball moves the Court to stay two hearings scheduled in state court on December 17, 2013 and December 19, 2013. Both Franklin Williamson Properties, Inc. and Credit Union West have filed oppositions to the motion (Docs. 19 & 20). Based on the pleadings, the exhibits and the case law, the Court denies Ball's motion.

Four factors are used in deciding whether a discretionary stay pending appeal is appropriate. *In re Forty-Eight Insulations*, 155 F.3d 1294, 1300 (7th Cir. 1997). The factors are as follows: "1) whether the appellant is likely to succeed on the merits of the appeal; 2) whether the appellant will suffer irreparable injury absent a stay; 3) whether a stay would substantially harm other parties in the litigation; and 4) whether a stay is in the public interest." *Id.* The party seeking a

stay has the burden of proving it has met the first two threshold factors in a preliminary analysis, and if the movant succeeds, all four factors are considered on a sliding scale. *Id.* at 1300-01. Should the applicant not meet the preliminary threshold or, assuming the threshold is met, not meet the overall standards, the stay should be denied.   *Id.* The Court finds that Ball has failed to come close to meet any of these requirements.

(1) *Likelihood of Success on the Merits*

As a threshold matter, the applicant for a stay pending appeal must first show *some* likelihood of success on the merits. *Forty-Eight Insulations*, 115 F.3d at 1300-01. Without such a showing, no further inquiry from the Court is merited. *Id.* Once the threshold burden is met, however, the applicant is required to make a stronger showing of the likelihood of success on the merits than the mere possibility of success that is required in a preliminary injunction context. *Id.* (*citing Mich. Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir.1991)). This is due to the fact that a Court has previously substantively evaluated the applicant's arguments. *Id.; see also Adams v. Walker*, 488 F.2d 1064, 1065 (7th Cir.1973) (a stay applicant is required to make a "substantial showing of probable success"). While this probability of success, laying somewhere along a continuum of likeliness, requires a substantial showing, it also calls for something less than a demonstration that the applicant will probably win on appeal. *Lewis v. City of Chicago*, No. 98 C 5596, 2007 WL 1686975, at *1 (N.D.Ill. June 7, 2007).

Here, the Court finds that Ball has not raised any facts or cited any law in support of a stay pending appeal. First, he has not demonstrated a showing of likelihood of success on the merits of the appeal. The record reveals that Ball has had many bankruptcy cases "pending" and dismissed during 2013.[1] Section 362(c)(4)(A)(i) applies to a debtor that has had two or more cases dismissed in a year. That provision states that "if a single or joint case is filed by or against a debtor … and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed … the stay under subsection (a) shall not go into effect upon the filing of the later case." Section 362(c)(4)(A)(i) thereby provides in no uncertain terms that the automatic stay does not come into effect at all upon the filing of the debtor's third bankruptcy case within a one year period. It is clear that Ball has had two previous Chapter 13 cases dismissed during the preceding year as the Clerk of the Southern District of Illinois Bankruptcy Court prepared and entered a "Clerk's Evidence of Repeat Filings" that states:

> Clerk's Evidence of Repeat Filings – Debtor had a prior bankruptcy case, 11-12248 in the District of Arizona that was filed as a Chapter 13 on 4/28/2011 and converted to a Chapter 7 on 10/11/2011 and discharged on 5/29/2013. Debtor also had to prior bankruptcy cases in the Southern District of Illinois, 13-40016 (Chapter 13), filed on 1/8/2013 and dismissed on 3/4/2013 AND 13-40561 (Chapter 13), filed on 5/17/2013 and dismissed on 5/20/2013. (tg)

*In Re Ball*, 13-bk-40863-lkg; (Doc. 8). Further on August 30, 2013, Bankruptcy

---

[1] In fact, the record reveals that Ball has filed 4 Chapter 13 bankruptcies and over eight different appeals in the Arizona Appellate Court, Arizona Supreme Court, the Ninth Circuit Court of Appeals, the Ninth Circuit Bankruptcy Appellate Panel, the Seventh Circuit Court of Appeals, the Arizona Federal District Court and the Illinois Federal District Court.

Judge Kenneth Myers found that "the filing of the bankruptcy petition was part of a scheme to delay and hinder Franklin-Williamson Properties, Inc., as the filing is one of multiple bankruptcy filings by the Debtor affecting the above-described real estate.   *See* 11 U.S.C. 362(d)(4)."   *In Re Ball*, 13-40016-lkg; (Doc. 128).   Ball has not submitted anything to the Court to suggest that the filings were not in bad faith and that he has a chance of success on the merits.   The record is replete with his multiple filings and conduct.   Thus, the Court finds that Ball has failed to establish that there is a reasonable likelihood that the rulings he appeals will be overturned. As he has failed to this requirement, the Court need not address the remaining requirements.

Accordingly, the Court **DENIES** Ball's motion for stay pending appeal and oral argument (Doc. 14).

**IT IS SO ORDERED.**

Signed this 13th day of December, 2013.

Digitally signed by David R. Herndon
Date: 2013.12.13 11:43:44 -06'00'

**Chief Judge**
**United States District Court**