IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DENNIES ANDREW BALL**,

**Appellant,**

v.                                    No. 13-01023-DRH
                                      Consolidated with
                                      No. 13-01024-DRH

**FRANKLIN WILLIAMSON
PROPERTIES, INC. and CREDIT UNION
WEST,**

**Appellees.**

**OPINION**

**HERNDON, Chief Judge:**

## I. Introduction and Background

This matter involves two separate bankruptcy appeals that have been consolidated, 13-01023-DRH and 13-01024-DRH.[1] First, debtor/appellant Dennis Ball appeals from Chief Bankruptcy Judge Laura Grandy's September 9, 2013 Order finding: "There is no stay in this case, which is Debtor's third chapter 13 that has been filed within the last 8 months (and the fourth bankruptcy that has been pending within the last year)." *See In re Ball*, 13-40863-lkg (September 17, 2013 written order entered). The Order also authorized the creditors to exercise their rights as a secured creditor under state law. *Id.* Second, Ball appeals from

---

1 On October 30, 2013, the Court consolidated these appeals and designated 13-01023-DRH as the lead case (Doc. 5).

Bankruptcy Judge Kenneth J. Meyers' August 30, 2013 Order finding:

> "Debtor has failed to provide sufficient evidence to justify setting aside this Court's Order of June 26, 2013 granting the motion to annul stay. While Debtor insists that he did not receive notice of the June 26th hearing, the record in this case indicates otherwise.
> The Court further finds that the filing of this bankruptcy petition was part of a scheme to delay and hinder Franklin-Williamson Properties, Inc., as the filing is one of multiple bankruptcy filings by the Debtor affecting the above described real estate. ..."

See In re Ball, 13-40016-lkg (Doc. 128)(footnotes omitted).

Finding no abuse of discretion in either order, the Court affirms both of the bankruptcy court's orders.

## II. Facts

The Court adopts the relevant facts as set forth by the bankruptcy court. See Fed. R. Bankr.P. 8013 ("Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous...."). The facts below were discussed by the bankruptcy court and are not disputed by the parties. See In re Ball, 13-40863-lkg.

During 2013, Ball had four "pending" bankruptcy cases. Ball's first case pending was his Arizona bankruptcy bearing case number 2:11-bk-12248 GBN filed in the United States Bankruptcy Court for the District of Arizona. On May 30, 2013, Ball received a Discharge in the Arizona Bankruptcy and the case was closed. Ball's second bankruptcy case pending was an Illinois Chapter 13 proceeding filed in United States Bankruptcy Court for the Southern District of Illinois bearing case number 13-40016. This case was dismissed on March 4, 2013. Ball's third

bankruptcy case pending was another Illinois Chapter 13 proceeding filed in the United States Bankruptcy Court for the Southern District of Illinois bearing case number 13-40561. This case was dismissed by the bankruptcy court on May 20, 2013. Ball's fourth bankruptcy case pending was filed in the United States Bankruptcy Court for the Southern District of Illinois bearing case number 13-40863. This case was filed on August 7, 2013.

On August 30, 2013, Bankruptcy Judge Meyers entered an order finding in part:

> "Debtor has failed to provide sufficient evidence to justify setting aside this Court's Order of June 26, 2013 granting the motion to annul stay. While Debtor insists that he did not receive notice of the June 26th hearing, the record in this case indicates otherwise.
> The Court further finds that the filing of this bankruptcy petition was part of a scheme to delay and hinder Franklin-Williamson Properties, Inc., as the filing is one of multiple bankruptcy filings by the Debtor affecting the above described real estate. ..."

*See In re Ball*, 13-40016-lkg (Doc. 128)(footnotes omitted). Thereafter, Chief Bankruptcy Judge Grandy entered an order finding in part that: "There is no stay in this case, which is Debtor's third chapter 13 that has been filed within the last 8 months (and the fourth bankruptcy that has been pending within the last year)." *See In re Ball*, 13-40863-lkg (September 17, 2013 written order). The order also authorized the creditors to exercise their rights as a secured creditor under state law. *Id*. These appeals followed.

### III. Standard of Review

Pursuant to 28 U.S.C. § 158, a federal district court has jurisdiction to hear

appeals from the rulings of the bankruptcy court. On an appeal, a district court "may affirm, modify or reverse a bankruptcy court's judgment, order or decree, or remand with instructions for further proceedings. Fed.R.Bankr.P. 8013; *see also In re Tolona Pizza Prods. Corp.*, 3 F.3d 1029, 1033 (7th Cir. 1993). The Seventh Circuit has consistently held that "orders refusing to lift or modify the automatic stay are held to be final." *In re James Wilson Assocs.*, 965 F.2d 160, 166 (7th Cir.1992) (citing *In re Boomgarden,* 780 F.2d 657, 660 (7th Cir.1985); *In re Sonnax Indus., Inc.,* 907 F.2d 1280, 1283–85 (2d Cir. 1990); Edith H. Jones, *Bankruptcy Appeals,* 16 Thurgood Marshall L.Rev. 245, 256–57 & n. 48 (1991)). "The bankruptcy court's grant of relief from the automatic stay is reviewed for an abuse of discretion." *Colon v. Option One Mortgage Corp.* 319 F.3d 912. 916 (7th Cir. 2003)(citing *In re Williams,*144 F.3d 544, 546 (7th Cir. 1998)). The bankruptcy court's factual findings are reviewed for clear error, and its legal conclusions are reviewed *de novo. In re Dollie's Playhouse, Inc.,* 481 F.3d 998, 1000 (7th Cir. 2007); *Freeland v. Enodis Corp.*, 540 F.3d 721, 729 (7th Cir. 2008).

### IV. Analysis

At the outset, the Court notes that Ball's pleadings are confusing, unorganized and incoherent. While the Court must construe Ball's pleadings liberally, it is almost impossible to decipher exactly what he is appealing and the Court has tried its best to frame the issues Ball presents despite the obvious shortcomings. After reviewing the record, the Court finds that the appellees have presented the facts and the issues that need to be addressed in this confusing

frivolous appeal. The Court finds the following to be the issues on appeal: (1) whether the bankruptcy court abused its discretion or misapplied the law in annulling the automatic stay in 13-40016-lkg and (2) whether the bankruptcy court abused its discretion or misapplied the law in ruling that no stay was in effect in 13-40863-lkg.

Section 362(c)(4)(A)(i) applies to a debtor that has had two or more cases dismissed in a year. That provision states that "if a single or joint case is filed by or against a debtor … and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed … the stay under subsection (a) shall not go into effect upon the filing of the later case." Section 362(c)(4)(A)(i) thereby provides in no uncertain terms that the automatic stay does not come into effect at all upon the filing of the debtor's third bankruptcy case within a one year period. Additionally, 11 U.S.C. § 362(d)(4) provides that the court shall grant relief from the stay, such as by terminating or annulling the stay, "with respect to s stay of an act against real property … by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of scheme to delay, hinder or defraud creditors that involved … multiple bankruptcy filings affecting such real property."

The record reveals that Ball has had many bankruptcy cases "pending" and dismissed during 2013.[2] Moreover, the record reflects that the stay as to

---

[2] In fact, the record reveals that Ball has filed 4 Chapter 13 bankruptcies and over eight different appeals in the Arizona Appellate Court, Arizona Supreme Court, the Ninth Circuit Court of Appeals,

bankruptcy appeal in cause 13-40863-lkg did not go into effect because Ball had filed two previous bankruptcy cases within a year that were dismissed. It is clear that Ball had two previous Chapter 13 cases dismissed during the preceding year as the Clerk of the Southern District of Illinois Bankruptcy Court prepared and entered a "Clerk's Evidence of Repeat Filings" that states:

> Clerk's Evidence of Repeat Filings – Debtor had a prior bankruptcy case, 11-12248 in the District of Arizona that was filed as a Chapter 13 on 4/28/2011 and converted to a Chapter 7 on 10/11/2011 and discharged on 5/29/2013. Debtor also had to prior bankruptcy cases in the Southern District of Illinois, 13-40016 (Chapter 13), filed on 1/8/2013 and dismissed on 3/4/2013 AND 13-40561 (Chapter 13), filed on 5/17/2013 and dismissed on 5/20/2013. (tg)

*In Re Ball*, 13-bk-40863-lkg; (Doc. 8). Further on August 30, 2013, Bankruptcy Judge Kenneth Myers found that "the filing of the bankruptcy petition was part of a scheme to delay and hinder Franklin-Williamson Properties, Inc., as the filing is one of multiple bankruptcy filings by the Debtor affecting the above-described real estate. *See* 11 U.S.C. 362(d)(4)." *In Re Ball*, 13-40016-lkg; (Doc. 128).

Ball has not submitted anything to the Court to suggest that the filings were not in bad faith and that the filings were not part of a scheme to delay or hinder. He does not cite any facts, exhibits, affidavits or case law that would allow the Court to grant him the relief he seeks. In fact, the record is replete with his multiple filings and frivolous conduct. The Court finds that Ball failed to establish that the bankruptcy court abused its discretion in either instance. Further the Court finds

---

the Ninth Circuit Bankruptcy Appellate Panel, the Seventh Circuit Court of Appeals, the Arizona Federal District Court and the Illinois Federal District Court.

that Ball failed to provide any evidence, let alone clear and convincing evidence, that the third Chapter 13 filing was not filed in bad faith. The bankruptcy court properly applied the law and the appellee was entitled to an order confirming that no stay is in effect. 11 U.S.C. § 362(c)(4)(A)(i)(ii).

## V. Conclusion

Accordingly, the Court **AFFRIMS** both the decisions issued by the bankruptcy judges.

**IT IS SO ORDERED.**

Signed this 27th day of June, 2014.

Digitally signed by David R. Herndon
Date: 2014.06.27 15:18:30 -05'00'

**Chief Judge**
**United States District Court**